# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ALVIN L. MOORE, )
 )
    Plaintiff, )
 )
v. )   Case No. CV415-144
 )
GEORGIA-PACIFIC CORPORATION, )
 )
    Defendant. )

# ORDER

Alvin Moore, proceeding *pro se* from the Bulloch County Jail, appears to complain that Georgia-Pacific (GP) racially discriminated against him in 2008 (doc. 1-1 at 25); created a hostile work environment in violation of Title VII (*id.* at 26); retaliated against him for "attempting to protect and vindicate" his Title VII rights (*id.* at 29); denied him due compensation, possibly (his complaint is nothing if not inscrutable) in the form of worker's compensation benefits (*id.* at 28); and instituted a "fraudulent claim denial" in state court before removing his complaint to this Court. *Id.* at 30. Since removal, Moore has moved to remand (doc. 4); strike GP's notices, motions, statements, and responses (doc. 12); and for declaratory judgment. Doc. 14. GP moves to dismiss. Doc. 5.

Moore is no stranger to this Court. Beyond bank robbery charges and several associated habeas corpus petitions,[1] he's filed at least *seven* civil cases, all of which have been dismissed as frivolous or for failing to obey court orders.[2] Because of his multi-decade, nonsensical paper war, this Court has imposed a $100 frivolity bond before any case he presses in the Southern District may proceed. *See Moore v. United States*, No. CV413-104, doc. 3 (S.D. Ga. July 12, 2013). GP asks that it do so again with this case, despite its state-court origins, lest Moore be rewarded for his "blatant maneuvering." *See* doc. 5 at 3 n. 4.

As GP correctly notes, "[t]he spirit of the frivolity bond requirement still stands" despite Moore's attempt "to circumvent [it] by

---

[1] *See United States v. Moore*, No. CR493-063 (S.D. Ga. Mar. 4, 1993) (convicted after jury trial); *Moore v. United States*, No. CV498-074 (S.D. Ga. Mar. 13, 1998) (28 U.S.C. § 2255 motion). Moore also filed three 28 U.S.C. § 2241 petitions, evidently in an effort to escape the second or successive bar applicable to § 2255 motions. *See Moore v. Hobbs*, No. CV202-199 (S.D. Ga. Jan. 27, 2003); *Moore v. Hobbs*, No. CV203-053 (S.D. Ga. Apr. 30, 2003); *Moore v. James*, No.CV206-116 (S.D. Ga. Nov. 1, 2006).

[2] *See Moore v. United States*, No. CV613-100 (S.D. Ga. Dec. 2, 2013) (dismissing for failure to pay $100 frivolity bond); *Moore v. United States*, No. CV413-104 (S.D. Ga. July 12, 2013) (dismissing case as frivolous and imposing $100 frivolity bond before Moore can file additional cases); *Moore v. United States*, No. CV411-313 (Mar. 28, 2012) (dismissing complaint because it presented "a copious splatter of disconnected thoughts, documents, and run-on sentences"); *Moore v. United States*, No. CV407-123 (S.D. Ga. May 22, 2008) (dismissed for failure to pay filing fee); *Moore v. Georgia*, No. CV407-130 (S.D. Ga. Sept. 21, 2007) (dismissing complaint as meritless); *Moore v. Turner*, No. CV200-006 (S.D. Ga. Feb. 24, 2000) (dismissed for failure to obey a court order).

filing [this complaint] in a Georgia superior court." *Id.* Addressing the merits of Moore's complaint without requiring him to pay the previously imposed bond would, even if the Court ultimately dismisses his claims, reward his abuse of the judicial system. *Id.*

The Court agrees. Hence, Moore must pay the $100 frivolity bond within 14 days of the date this Order is served or else face a dismissal recommendation.[3] *See In re Duroser*, 2015 WL 4068243 at * 1 n. 2 (N.D. Ga. July 2, 2015) (bankruptcy debtor's appeal dismissed as frivolous because she refused to pay filing fee after court previously disallowed her IFP status as a sanction for filing multiple frivolous cases and appeals); *Crooker v. Global Tel Link*, 2012 WL 651644 at * 2 (D.R.I. Jan. 6, 2012) (to avoid the Prison Litigation Reform Act's three-strikes rule and filing fees, prisoner filed complaints in state court asserting federal claims against out-of-state defendants, thus assuring removal; court required prisoner to pay full civil case filing fees, or reimburse defendants for removal fees, in order "to prevent Plaintiff from circumventing" the PLRA and court-imposed filing restrictions).

---

[3] Should the frivolity bond prove insufficient to deter future Moore nonsense, the Court has other tools at its disposal that it will deploy to protect judicial resources and defendants like GP. *See, e.g., Hurt v. Zimmerman*, No. CV415-260, doc. 3 (S.D. Ga. Oct. 7, 2015) (advising pre-filing screening and automatic dismissal of complaints that fail to state a claim for relief), *adopted,* doc. 5.

3

**SO ORDERED**, this 12TH day of November, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA