FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2015 DEC 21 AM 10: 37

CLERK_____
SO. DIST OF GA.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

| | | |
|---|---|---|
| ALVIN L. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV415-144 |
| | ) | |
| GEORGIA-PACIFIC CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

In this employment discrimination case removed from state court, *pro se* inmate Alvin Moore complains that Georgia-Pacific (GP) racially discriminated against him in 2008 (doc. 1-1 at 25); created a hostile work environment in violation of Title VII (*id.* at 26); retaliated against him for "attempting to protect and vindicate" his Title VII rights (*id.* at 29); denied him due compensation, possibly (his complaint is nothing if not inscrutable) in the form of worker's compensation benefits (*id.* at 28); and instituted a "fraudulent claim denial" in state court before removing his complaint to this Court. *Id.* at 30. Since removal, Moore has moved to remand (doc. 4); strike GP's notices, motions, statements, and

responses (doc. 12); and for declaratory judgment. Doc. 14. GP moves to dismiss. Doc. 5.

Moore is no stranger to this Court. Beyond bank robbery charges and several associated habeas corpus petitions,[1] he's filed at least *seven* civil cases, all of which have been dismissed as frivolous or for failing to obey court orders.[2] Because of his multi-decade, nonsensical paper war, this Court imposed a $100 frivolity bond before any case he presses in the Southern District may proceed. *See Moore v. United States*, No. CV413-104, doc. 3 (S.D. Ga. July 12, 2013). GP asked that it do so again here, despite this case originating in state court, to block Moore's "blatant maneuvering." *See* doc. 5 at 3 n. 4.

---

[1] *See United States v. Moore*, No. CR493-063 (S.D. Ga. Mar. 4, 1993) (convicted after jury trial); *Moore v. United States*, No. CV498-074 (S.D. Ga. Mar. 13, 1998) (28 U.S.C. § 2255 motion). Moore also filed three 28 U.S.C. § 2241 petitions, evidently in an effort to escape the second or successive bar applicable to § 2255 motions. *See Moore v. Hobbs*, No. CV202-199 (S.D. Ga. Jan. 27, 2003); *Moore v. Hobbs*, No. CV203-053 (S.D. Ga. Apr. 30, 2003); *Moore v. James*, No.CV206-116 (S.D. Ga. Nov. 1, 2006).

[2] *See Moore v. United States*, No. CV613-100 (S.D. Ga. Dec. 2, 2013) (dismissing for failure to pay $100 frivolity bond); *Moore v. United States*, No. CV413-104 (S.D. Ga. July 12, 2013) (dismissing case as frivolous and imposing $100 frivolity bond before Moore can file additional cases); *Moore v. United States*, No. CV411-313 (Mar. 28, 2012) (dismissing complaint because it presented "a copious splatter of disconnected thoughts, documents, and run-on sentences"); *Moore v. United States*, No. CV407-123 (S.D. Ga. May 22, 2008) (dismissed for failure to pay filing fee); *Moore v. Georgia*, No. CV407-130 (S.D. Ga. Sept. 21, 2007) (dismissing complaint as meritless); *Moore v. Turner*, No. CV200-006 (S.D. Ga. Feb. 24, 2000) (dismissed for failure to obey a court order).

The Court agreed and ordered Moore to pay the bond before allowing this case to proceed. Doc. 19 (citing *In re Duroser*, 2015 WL 4068243 at * 1 n. 2 (N.D. Ga. July 2, 2015) (bankruptcy debtor's appeal dismissed as frivolous because she refused to pay filing fee after court previously disallowed her IFP status as a sanction for filing multiple frivolous cases and appeals); *Crooker v. Global Tel Link*, 2012 WL 651644 at * 2 (D.R.I. Jan. 6, 2012) (to avoid the Prison Litigation Reform Act's three-strikes rule and filing fees, prisoner filed complaints in state court asserting federal claims against out-of-state defendants, thus assuring removal; court required prisoner to pay full civil case filing fees, or reimburse defendants for removal fees, in order "to prevent Plaintiff from circumventing" the PLRA and court-imposed filing restrictions)).

Instead of timely paying the bond, Moore has filed another flurry of frivolous motions. *See* docs. 21 (motion for recusal of the undersigned); 22 (motion to compel discovery and for Fed. R. Civ. P. 37 sanctions against GP); 23 (another motion to compel); 24 (motion to un-refer

motions from the undersigned); 27 (motion for Rule 11 sanctions against GP). None have any merit.[3]

Because Moore still has not paid the required $100 frivolity bond, his Fed. R. Civ. P. 72(a) objection (doc. 20)[4] should be **OVERRULED** and this case should be **DISMISSED**. Should Moore file further frivolous litigation, the Court will recommend more stringent filing restrictions. *See Hurt v. Zimmerman*, No. CV415-260, doc. 4 (S.D. Ga.

---

[3] For one, discovery has not commenced, so Moore's discovery motions (docs. 22 & 23) are premature and, therefore, **DENIED**. Second, his recusal motion sets forth no reasons why the impartiality of the undersigned "might reasonably be questioned." 28 U.S.C. § 455(a). Instead, he (1) objects to granting GP an extension of time to conduct a Rule 26(f) conference because it somehow "fetter[ed] Moore's meaningful assess [sic] to court;" (2) complains that removal of this case causes him to travel from Statesboro, Georgia to Savannah, Georgia; and (3) argues that the undersigned's imposition of the frivolity bond "usurped" the district judge's "inherent Article III power." Doc. 21 at 3-4. In addition to being legally unsound, those arguments do not suggest partiality. What they show is that Moore continues to pester unfortunate opposing parties and the Court with frivolous filings, the very behavior the bond he refuses to pay was instituted to prevent. Hence, his motion to recuse is **DENIED**.

Finally, his motion for sanctions (doc. 27) complains about a letter sent by defense counsel graciously offering to confer with Moore about discovery even though the Court had effectively stayed discovery pending decision on GP's motion to dismiss. *See* doc. 27-1 at 1. There's nothing offensive about that, much less anything that warrants sanctions. This motion therefore is **DENIED**.

[4] His Fed. R. Civ. P. 72(a) objection runs *97 pages* (way beyond the 26 page limit on briefs imposed by Local Rule 7.1) and in it he insists that the undersigned has no authority to rule on GP's motion to dismiss, among other things. Although Moore is correct that a final ruling on a dispositive motion by the undersigned would overstep the bounds imposed by 28 U.S.C. § 636, that hasn't happened here. Indeed, the Court has never addressed GP's motion to dismiss other than to note its existence. This dismissal recommendation is predicated entirely on Moore's failure to pay the frivolity bond required of all Moore filings in this Court.

Oct. 7, 2015), *adopted* doc. 5. Finally, the Court **DENIES** Moore's motion for sanctions (doc. 27), motions to compel (docs. 22 & 23), and motion to recuse (doc. 21).

 **SO REPORTED AND RECOMMENDED**, this 21st day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA